```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                             FORT WORTH DIVISION

MICHAEL ALMENDAREZ,              §
(TDCJ No. 1601384, prior nos.    §
655688 and 593841)               §
                                 §
VS.                              §   CIVIL ACTION NO.4:10-CV-333-Y
                                 §
                                 §
TIMOTHY HUDDLESTON, et al.       §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Michael Almendarez's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Almendarez, an inmate at the Texas Department of Criminal Justice ("TDCJ")'s Darrington unit, filed a civil-rights complaint seeking relief under 42 U.S.C. § 1983. He names as defendants Timothy Huddleston, parole officer, TDCJ, parole division; Rebecca Watts, assistant director, TDCJ, parole division; Rissi Owens, chairman, Texas Board of Pardons and Paroles; and an unnamed parole commissioner, a parole board member, and the general counsel, all of the Texas Board of Pardons and Paroles. Style; pages 2-3.)

Almendarez alleges that he was arrested on May 9, 2008, as a result of the issuance by Parole Officer Huddleston of a parole-violator warrant upon sexual-assault allegations detailed to Huddleston by a Wise County deputy sheriff investigating Almendarez and allegations of a sexual assault. (Compl. at 4-6; exhibits 1 and 2.) Almendarez complains that he was then wrongfully detained in the Wise County jail without being afforded a timely revocation hearing within 41 days of the issuance of the warrant and for several weeks beyond,

until he was arraigned on criminal charges in the 271st Judicial District Court, Wise County, Texas, on July 13, 2008, and subsequently held on bond. (Compl. at 7-8.)

Almendarez alleges he was entitled to a hearing on the issuance of the parole warrant by no later than June 17, 2008, and that his detention past that time under authority of the parole warrant was invalid and subjected him to false imprisonment. (Compl. at 9.) Almendarez was later convicted on September 18, 2009, of indecency with a child and sexual assault, and sentenced to 25 years' imprisonment on each count, to run concurrently, with credit for the period between his arrest on the parole violator warrant on May 9, 2008, until his conviction on September 18, 2009. (Compl. at 21, exhibit 5.) Almendarez also alleges that the defendants intentionally failed to schedule a timely revocation hearing and failed to re-issue a warrant to support their detention of him, in violation of his right to due process of law, and in violation of provisions of the Texas Government Code. (Compl. 7-11.) He also alleges that the outstanding parole warrant prevented him from being eligible to post bond, and thus caused him to remain incarcerated from July 13, 2008, through trial. (Compl. at 12.) Plaintiff seeks a declaratory judgment that he was denied a timely revocation hearing, denied release, and denied his right to post bail; an injunction; monetary damages to compensate for his lost wages and income, legal, and business expenses; and punitive damages for each day from June 18, 2009 through September 18, 2009. (Compl. at 15.)

A complaint filed in forma pauperis that lacks an arguable basis

in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5]

The Court concludes that Almendarez's claims are not cognizable under 42 U.S.C. § 1983. Plaintiff seeks from this Court injunctive-type relief, declaratory relief, and monetary damages against Texas officials for the issuance of a parole-violator warrant and his resulting arrest, and his detention without a timely revocation hearing. In *Heck v. Humphrey*,[6] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] 512 U.S. 477, 486-87 (1994).

imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[7] Although *the Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claims for injunctive relief and for declaratory relief may also be entered pursuant to *Heck*.[8]

Plaintiff's request to have this Court declare invalid the parole warrant, and the pre-conviction detention resulting therefrom unconstitutional, if successful, necessarily would imply the invalidity of his present sentence. Thus, such claims are not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*. With regard to challenges brought under § 1983 to parole proceedings, the Supreme Court clarified that, although challenges only to the procedures used to determine parole eligibility may go forward in a civil suit, if the claims "seek to invalidate the duration of [an inmate's] confinement--either <u>directly</u> through an injunction compelling speedier release or <u>indirectly</u> through a judicial determination that necessarily implies the unlawfulness of the State's custody"[9]--the prisoner must pursue such claim through habeas corpus or similar

---

[7] *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[8] *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)(extending *Heck* to claims for declaratory relief that necessarily would imply the invalidity of punishment); *Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*), *cert. den'd,* 525 U.S. 1151 (1999).

[9] *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005).

4

remedies. Almendarez acknowledges that he was given credit towards his present sentence of imprisonment for the days of pre-conviction incarceration he now challenges in this suit. As Almendarez seeks rulings that would deem his parole-arrest detention and the time of incarceration resulting therefrom unconstitutional, the *Heck* rule bars his claims. Plaintiff remains in custody and has not shown that the complained-of imprisonment has been invalidated by a state or federal court.[10] As a result, Plaintiff's claims are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[11]

Therefore, under the authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), all of Plaintiff's claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met.[12]

SIGNED September 28, 2010.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[10] *See McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

[11] *See Heck*, 512 U.S. at 487-88; *McGrew*, 47 F.3d at 161.

[12] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

5